1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIGUEL CARRANZA,

11              Plaintiff,                    No. CIV S-10-0761 KJM P

12        vs.

13   LEONARD K. TAUMAN,

14              Defendant.                    <u>ORDER</u>

15   _____/

16              Plaintiff is a prisoner at the Sacramento County Jail proceeding pro se with an

17   action under 42 U.S.C. § 1983.  He has consented to the magistrate judge's jurisdiction under 28

18   U.S.C. § 636.

19              Plaintiff has sued Leonard K. Tauman, his counsel through the Sacramento

20   County Public Defender's Office.  His complaint does not specify on what charge(s) Mr.

21   Tauman has represented plaintiff, nor does he indicate whether the judicial proceedings in state

22   court have terminated.  For relief, plaintiff asks this court to "find factual bases that defendant

23   Mr. Tauman has violated plaintiff's right to counsel."  Compl. at 3.

24   I.      <u>Screening Requirement</u>

25              The court is required to screen complaints brought by prisoners seeking relief

26   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

/////

1  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

2  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

3  II.     Analysis

4          Under 42 U.S.C. § 1983, plaintiff has a right to be free from violations of

5  constitutional guarantees by those acting under color of state law.  Van Ort v. Stanewich, 92 F.3d

6  831, 835 (9th Cir. 1996).  Public defenders are not "state actors" for purposes of § 1983.  See

7  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark County, 319 F.3d 465, 468

8  (9th Cir. 2003) (en banc).  Therefore plaintiff cannot bring an action under § 1983 against Mr.

9  Tauman.

10          Furthermore, it appears that plaintiff filed this action shortly after plaintiff

11  unsuccessfully moved the state court to remove Mr. Tauman as his counsel under People v.

12  Marsden, 2 Cal.3d 118 (1970).  That timing, along with the fact that plaintiff remains confined at

13  the Sacramento County Jail, makes it highly likely that the criminal proceedings against plaintiff

14  in state court have not concluded.  Nothing on the record, including plaintiff's last filing,

15  suggests otherwise.

16          This court is barred from directly interfering with ongoing criminal proceedings

17  in state court, absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 46

18  (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution

19  has begun the Younger rule directly bars a declaratory judgment action" as well as a section

20  1983 action for damages "where such an action would have a substantially disruptive effect upon

21  ongoing state criminal proceedings.").  Here, plaintiff has not alleged extraordinary

22  circumstances.  Younger, 401 U.S. at 48-50.  Of course, plaintiff may raise his constitutional

23  claims in his ongoing criminal proceedings in state court.  Lebbos v. Judges of the Superior

24  Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity

25  and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims

26  /////

1  have been or could be presented in ongoing state judicial proceedings that concern important

2  state interests.'").

3          For the foregoing reasons, the court concludes that plaintiff's complaint must be

4  dismissed for failure to state a claim on which relief may be granted.[1]

5          Accordingly, IT IS HEREBY ORDERED that this case is dismissed.

6  DATED:  October 18, 2010.

7

8  U.S. MAGISTRATE JUDGE

9

10

11

12  4
    carr0761.57
13

14

15

16

17

18

19

20

21

22
    _____

23          [1]  Plaintiff is advised that a civil rights action is the proper mechanism for a prisoner
    seeking to challenge the conditions of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th
24  Cir. 1991).  In contrast, habeas corpus proceedings are the proper mechanism for a prisoner
    seeking to challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475,
    484 (1973).  If, at some point in the future, plaintiff seeks to overturn a state court conviction
25  based on a claim that he received ineffective assistance of counsel, he is advised that a writ of
    habeas corpus is his sole remedy in federal court, which he may pursue only after exhausting all
26  of his constitutional claims in state court.

4